# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:06CR00046 |
| v. | ) | **OPINION** |
| | ) | |
| **RODNEY EDWARD STEWART,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Rodney Edward Stewart, Pro Se Defendant.*

The defendant, Rodney Edward Stewart, proceeding pro se, filed related pleadings styled as a "MOTION FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING PURSUANT TO FED. R. CIV. P. 60(b)(6) & 60(d)(1)" (ECF No. 197.) This motion asserts that I erred in denying relief on Stewart's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Specifically, Stewart argues that under subsequent court decisions, he is entitled to relief from his statutorily enhanced sentence, because he is actually innocent of being an armed career criminal, which excuses his procedural default. After reviewing Stewart's current submission and the record, I will deny Stewart's motion under the authority he cites and will construe and dismiss it as a successive § 2255 motion.

Rule 60(d)(1) recognizes that other subsections of Rule 60(b) "do[ ] not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d). Such an independent action is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). There has been no miscarriage of justice in the instant case. Stewart presents no evidence that he is actually innocent of the federal offense for which he stands convicted. Nor can he demonstrate that his sentence was improperly determined under the law then in effect. He had — and utilized — the right to appeal, and he has had at least one bite at the § 2255 apple. *See United States v. Stewart*, No. 1:06CR00046, 2011 WL 4595243 (W.D. Va. Oct. 3, 2011), *appeal dismissed*, No. 11-7488, 2012 WL 886902 (4th Cir. Mar. 16, 2012) (unpublished). Therefore, I find no ground for relief from the § 2255 judgment under Rule 60(d).

Stewart's current motion is also not properly considered as a motion seeking relief from the § 2255 judgment under Rule 60(b). This motion merely repeats § 2255 claims the court has already decided or asserts new claims under new precedent. *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005). Instead, I must construe his submission as a new § 2255 motion. *Id.*

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth

Circuit. § 2255(h). Stewart offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, I will direct the clerk's office to redocket Stewart's submissions as a § 2255 motion, which I will summarily dismiss as successive.

A separate Final Order will be entered herewith.

        DATED: October 17, 2013

        /s/ James P. Jones
        United States District Judge